FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MAY 1 7 2017

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:17CR 34 |
| | § | |
| | § | JUDGES RC/JDL |
| THOMAS ERIK WILLIAMSON, | § | |
| a.k.a. "Mad Scientist" (01) | § | |
| JAMES EARL BUCHANAN, JR., | § | |
| a.k.a. "Little J" (02) | § | |
| RICHARD LANE MCCULLER (03) | § | |
| KATHIE JO GRIFFIN (04) | § | |
| BRIAN ISAM (05) | § | |
| JEFFREY ALLISON ELDRIDGE (06) | § | |
| JARRETT PHILLIP LOYA (07) | § | |
| RICHARD TRACY JOHNSON (08) | § | |
| JEFFREY CLAY SHERIDAN (09) | § | |
| BOBBY DARRELL SMITH (10) | § | |
| DANIEL DENNIS SOUTHERLAND, | § | |
| a.k.a. "Country" (11) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNT 1

Violation:  21 U.S.C. § 846
(Conspiracy to possess with intent to distribute
and distribution of 500 grams or more of a
mixture or substance containing a detectable
amount of methamphetamine, a Schedule II
controlled substance)

Beginning in or about January 2014, the exact date being unknown to the United

States Grand Jury, and continuing thereafter until at least the date of the return of this

indictment, in the Eastern District of Texas and elsewhere, **Thomas Erik Williamson,**

**a.k.a. "Mad Scientist," James Earl Buchanan, Jr., a.k.a. "Little J," Richard Lane McCuller, Kathie Jo Griffin, Brian Isam, Jeffrey Allison Eldridge, Jarett Phillip Loya, Richard Tracy Johnson, Jeffrey Clay Sheridan, Bobby Darrell Smith,** and **Daniel Dennis Southerland, a.k.a. "Country"** did intentionally and unlawfully, combine, conspire, confederate, and agree with each other and with others, both known and unknown to the United States Grand Jury, to violate a law of the United States of America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute and distribution of 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as set forth hereinafter.

In violation of 21 U.S.C. § 846.

## COUNTS 2-26

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute
methamphetamine)

On or about the dates listed below, in the Eastern District of Texas, the Defendants

listed below, knowingly and intentionally possessed with intent to distribute and

distributed actual methamphetamine, a Schedule II controlled substance, in an amount

listed below:

| Count | Date | Defendant(s) | Quantity of Methamphetamine |
|-------|------|--------------|------------------------------|
| 2 | April 13, 2016 | Richard Lane McCuller | Less than 5 grams |
| 3 | April 13, 2016 | Kathie Jo Griffin, Richard Lane McCuller | Less than 5 grams |
| 4 | April 19, 2016 | Kathie Jo Griffin, Richard Lane McCuller | Less than 5 grams |
| 5 | May 6, 2016 | Brian Keith Isam | More than 5 grams |
| 6 | May 20, 2016 | Bobby Darrell Smith | Less than 5 grams |
| 7 | June 9, 2016 | Jeffrey Allison Eldridge, James Earl Buchanan, Jr., a.k.a. "Little J" | More than 50 grams |
| 8 | June 27, 2016 | Jeffrey Allison Eldridge | More than 5 grams |
| 9 | August 24, 2016 | Thomas Erik Williamson | More than 5 grams |
| 10 | August 30, 2016 | Thomas Erik Williamson | More than 5 grams |
| 11 | September 8, 2016 | Thomas Erik Williamson | More than 5 grams |
| 12 | September 15, 2016 | Jeffrey Clay Sheridan | More than 50 grams |
| 13 | September 27, 2016 | Thomas Erik Williamson | More than 5 grams |
| 14 | October 9, 2016 | Daniel Dennis Southerland, a.k.a. "Country" | More than 5 grams |
| 15 | October 20, 2016 | Kathie Jo Griffin, Richard Lane McCuller | Less than 5 grams |
| 16 | October 27, 2016 | Thomas Erik Williamson | More than 5 grams |
| 17 | November 1, 2016 | Richard Tracy Johnson, Thomas Erik Williamson | More than 5 grams |
| 18 | November 2, 2016 | Richard Tracy Johnson, Thomas Erik Williamson | More than 50 grams |

| 19 | December 8, 2016 | Jarrett Phillip Loya | More than 5 grams |
|----|------------------|----------------------|-------------------|
| 20 | December 16, 2016 | Kathie Jo Griffin, Richard Lane McCuller | Less than 5 grams |
| 21 | January 19, 2017 | Thomas Erik Williamson | More than 5 grams |
| 22 | February 4, 2017 | Jeffrey Clay Sheridan | More than 5 grams |
| 23 | March 16, 2017 | Thomas Erik Williamson | More than 5 grams |
| 24 | March 16, 2017 | Richard Lane McCuller | More than 5 grams |
| 25 | March 23, 2017 | Thomas Erik Williamson, Jarrett Phillip Loya | More than 50 grams |
| 26 | March 23, 2017 | Kathie Jo Griffin, Richard Lane McCuller | More than 50 grams |

In violation of 21 U.S.C. § 841(a)(1).


## COUNT 27

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute
heroin)

On or about April 6, 2017, in the Eastern District of Texas, **James Earl**

**Buchanan, Jr., a.k.a. "Little J,"** Defendant herein, knowingly and intentionally

possessed with intent to distribute less than 100 grams of heroin, a Schedule I controlled

substance.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT 28

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of a firearm)

On or about April 6, 2017, in the Eastern District of Texas, **James Earl**

**Buchanan, Jr., a.k.a. "Little J,"** Defendant herein, having been convicted of an offense

punishable by a term of imprisonment exceeding one year, specifically:

Possession of a Controlled Substance, Penalty Group 1 (Cocaine), a felony, in the
115th District Court of Upshur County, Texas, Cause No. 14,590, on October 24,
2007;

Theft of Property, more than $1,500, a felony, in the 115th District Court of
Upshur County, Texas, Cause No. 14,589, on October 24, 2007; and

Delivery of a Controlled Substance, Penalty Group 1 (Cocaine), a felony, in the
115th District Court of Upshur County, Texas, Cause No. 15,308, on December 7,
2009;

did knowingly and intentionally possess in and affecting interstate and foreign commerce,

firearms, to wit:

1.  Zastava, model: PAP M92 PV, 7.62x39mm assault pistol
2.  Glock, model: 27, .40 S&W pistol
3.  Taurus, model: PT140 Millenium G2, .40 S&W pistol
4.  Jimenez Arms, model: JA Nine, 9mm pistol
5.  Remington, model: 11, 20-gauge shotgun

said firearms having been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

## COUNT 29

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about April 6, 2017, in the Eastern District of Texas, **James Earl**

**Buchanan, Jr., a.k.a. "Little J,"** Defendant herein, did knowingly and intentionally use,

carry, and possess a firearm during and in relation to a drug trafficking crime for which

he may be prosecuted in a court of the United States, that is possession with intent to

distribute heroin, a Schedule I controlled substance, as charged in Count 27 of this

indictment, in violation of 21 U.S.C. § 841(a)(1), and in furtherance of said crime

possessed:

1. Zastava, model: PAP M92 PV, 7.62x39mm assault pistol
2. Glock, model: 27, .40 S&W pistol
3. Taurus, model: PT140 Millenium G2, .40 S&W pistol
4. Jimenez Arms, model: JA Nine, 9mm pistol
5. Remington, model: 11, 20-gauge shotgun

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT 30

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of a firearm)

On or about November 1, 2016, in the Eastern District of Texas, **Richard Tracy Johnson**, Defendant herein, having been convicted of an offense punishable by a term of imprisonment exceeding one year, specifically:

Possession of Marijuana, more than 4 ounces, a felony, in the 105th District Court of Kleberg County, Texas, Cause No. 88-CRF-136-1, on September 20, 1988;

did knowingly and intentionally possess in and affecting interstate and foreign commerce, firearms, to wit: a Charter Arms, model: Pink Lady, .38 revolver and a Springfield, model: XD45, .45 ACP pistol; said firearms having been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

## COUNT 31

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about November 1, 2016, in the Eastern District of Texas, **Richard Tracy**

**Johnson**, Defendant herein, did knowingly and intentionally use, carry, and possess a

firearm during and in relation to a drug trafficking crime for which he may be prosecuted

in a court of the United States, that is possession with intent to distribute a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, as charged in Count 17 of this indictment, in violation of 21 U.S.C. §

841(a)(1), and in furtherance of said crime possessed: a Charter Arms, model: Pink Lady,

.38-caliber revolver and a Springfield, model: XD45, .45 ACP pistol.

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT 32

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of a firearm)

On or about November 2, 2016, in the Eastern District of Texas, **Richard Tracy**

**Johnson**, Defendant herein, having been convicted of an offense punishable by a term of

imprisonment exceeding one year, specifically:

Possession of Marijuana, more than 4 ounces, a felony, in the 105th District Court
of Kleberg County, Texas, Cause No. 88-CRF-136-1, on September 20, 1988;

did knowingly and intentionally possess in and affecting interstate and foreign commerce,

firearm, to wit:

1. Winchester, model: 1400, 12-gauge shotgun
2. Remington, model: 870 Express, 12-gauge shotgun
3. Windham Weaponry, Inc., model: WW-15, .223 rifle
4. Marlin Firearms Co., model: 336, 30-30 rifle
5. Ruger, model: P89, 9mm pistol
6. Mossberg, model: 500, 12-gauge shotgun
7. Harrington and Richardson, model: 258 Handy Gun II, 30-30 rifle
8. Weatherby, model: PA-459, 12-gauge shotgun
9. Ruger, model: MINI 14 Ranch, .223 rifle
10. Sig-Sauer, model: SP2022, .40 S&W pistol
11. Smith & Wesson, model: 29, .44 revolver
12. Ruger, model: SR1911, .45 ACP pistol
13. Harrington and Richardson, unknown model, .308 rifle
14. Winchester, model: SXP, 12-gauge shotgun
15. Beretta USA Corp, model: A400X, 12-gauge shotgun

said firearms having been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

# COUNT 33

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about November 2, 2016, in the Eastern District of Texas, **Richard Tracy**

**Johnson**, Defendant herein, did knowingly and intentionally use, carry, and possess a

firearm during and in relation to a drug trafficking crime for which he may be prosecuted

in a court of the United States, that is possession with intent to distribute a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, as charged in Count 18 of this indictment, in violation of 21 U.S.C. §

841(a)(1), and in furtherance of said crime possessed:

1. Winchester, model: 1400, 12-gauge shotgun
2. Remington, model: 870 Express, 12-gauge shotgun
3. Windham Weaponry, Inc., model: WW-15, .223 rifle
4. Marlin Firearms Co., model: 336, 30-30 rifle
5. Ruger, model: P89, 9mm pistol
6. Mossberg, model: 500, 12-gauge shotgun
7. Harrington and Richardson, model: 258 Handy Gun II, 30-30 rifle
8. Weatherby, model: PA-459, 12-gauge shotgun
9. Ruger, model: MINI 14 Ranch, .223 rifle
10. Sig-Sauer, model: SP2022, .40 S&W pistol
11. Smith & Wesson, model: 29, .44 revolver
12. Ruger, model: SR1911, .45 ACP pistol
13. Harrington and Richardson, unknown model, .308 rifle
14. Winchester, model: SXP, 12-gauge shotgun
15. Beretta USA Corp, model: A400X, 12-gauge shotgun

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT 34

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of a firearm)

On or about December 9, 2016, in the Eastern District of Texas, **Richard Tracy**

**Johnson**, Defendant herein, having been convicted of an offense punishable by a term of

imprisonment exceeding one year, specifically:

Possession of Marijuana, more than 4 ounces, a felony, in the 105th District Court
of Kleberg County, Texas, Cause No. 88-CRF-136-1, on September 20, 1988;

did knowingly and intentionally possess in and affecting interstate and foreign commerce,

firearm, to wit: a Ruger model GP100, .357 revolver; said firearm having been shipped

and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

## COUNT 35

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about September 15, 2016, in the Eastern District of Texas, **Jeffrey Clay**

**Sheridan**, Defendant herein, did knowingly and intentionally use, carry, and possess a

firearm during and in relation to a drug trafficking crime for which he may be prosecuted

in a court of the United States, that is possession with intent to distribute a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, as charged in Count 12 of this indictment, in violation of 21 U.S.C. §

841(a)(1), and in furtherance of said crime possessed:

1. Para Ordinance, model: 1911 SSP, .45 ACP pistol
2. Husqvarna, unknown model, .380 cal pistol
3. Tangfoglio, model: DTA, 9mm pistol
4. Beretta, model: 96A1, .40 S&W pistol
5. Sig Sauer, model: M11-A1, 9mm pistol
6. Stag Arms, model: Stag-15, 5.56mm rifle

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT 36

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about February 4, 2017, in the Eastern District of Texas, **Jeffrey Clay**

**Sheridan**, Defendant herein, did knowingly and intentionally use, carry, and possess a

firearm during and in relation to a drug trafficking crime for which he may be prosecuted

in a court of the United States, that is possession with intent to distribute a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, as charged in Count 22 of this indictment, in violation of 21 U.S.C. §

841(a)(1), and in furtherance of said crime possessed: Harrington and Richardson model

Pardner, .410 shotgun (a short-barreled shotgun) and a Para Ordinance model Black Ops

1911, .45 ACP pistol.

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT 37

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of a firearm)

On or about June 7, 2016, in the Eastern District of Texas, **Bobby Darrell Smith**,

Defendant herein, having been convicted of an offense punishable by a term of

imprisonment exceeding one year, specifically:

Possession of a Controlled Substance, Penalty Group 1, a felony, in the 188th
District Court of Gregg County, Texas, Cause No. 31260-A, on June 9, 2004;

did knowingly and intentionally possess in and affecting interstate and foreign commerce,

firearm, to wit:

1. Colt, model: Army Special .41 revolver
2. Winchester, model: 6c .22 rifle
3. Akkar, model: SC2010, .410 shotgun
4. Remington, model: 870, 12-gauge shotgun
5. Marlin, model: 883, .22 rifle
6. Remington, model: 870, 12-gauge shotgun
7. Stevens, model: 62, .22 rifle
8. Ruger, model: 10/22, .22 rifle

said firearms having been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, & 28 U.S.C. §2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1.   any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2.   any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3.   any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

   a.  From Richard Tracy Johnson:
   - Windham, model: WW-15 Rifle SN: WW146601
   - Winchester Ted Williams, model: 1400 12guage SN: Q135719
   - Remington, model: 870 12guage SN: W972031M
   - Marlin, model: 336 30-30 Rifle SN: AA21728
   - Harrington and Richardson, 30-30 Rifle SN: AZ587757
   - Weatherby, model: PA459 12guage SN: AK33278
   - Sturm and Ruger, model: Ranch Rifle .223 SN: 580-78899
   - Mossberg, model: 500 12guage SN: U354711
   - Sturm and Ruger, model: P89 9mm SN: 304-57293
   - Sig Sauer, model: SP2022 .40 SN: 24B289221
   - Smith and Wesson, model: 29 .44 magnum SN: AHP0074
   - Sturm and Ruger, model: SR 1911 .45 SN: 672-35099
   - Harrington Richardson Rifle, .308 SN: CBA378452
   - Mossberg, model: 500A 12guage SN: J645420
   - Winchester, model: SXP 12guage SN: 12AZY16635
   - 2 rounds of Federal 12 gauge ammunition
   - 25 rounds of Remington .223 caliber ammunition
   - 189 rounds of Remington .223 caliber ammunition
   - 22 rounds of Remington .40 caliber ammunition
   - 422 rounds of Remington .40 caliber ammunition

- 310 rounds of unknown caliber and manufacturer ammunition
- 465 rounds of assorted caliber ammunition
- 13 rounds of Winchester-Western 9mm ammunition
- 3 rounds of Federal 12 gauge ammunition
- 37 rounds of Remington .223 caliber ammunition
- 5 rounds of assorted manufacturer 12 gauge ammunition
- 12 rounds of assorted manufacturer 9mm ammunition
- 12 rounds of Tula Cartridge Works - Russia 9mm ammunition
- 6 rounds of Winchester-Western .45 caliber ammunition
- 19 rounds of Winchester-Western .40 caliber ammunition
- 3 rounds of Winchester-Western 12 gauge ammunition
- 5 rounds of Federal 12 gauge ammunition
- 87 rounds of assorted manufacturer and caliber ammunition
- 10 rounds of Speer .40 caliber ammunition

From James Buchanan Jr.:
- Zastava, model: PAP M92 PV, 7.62x39 assault pistol, SN: M92PV012854
- Glock, model: 27, .40 caliber pistol, SN: LTV717
- Taurus, model: PT140 Millennium G2, SN: SHN04676
- Jimenez Arms, model: JA Nine, 9mm pistol, SN: 239760
- Remington, model: 11, 20 gauge shotgun, SN: 1010126
- 22 rounds of Tula Cartridge Works – Russia .762 caliber ammunition
- 16 rounds of Winchester-Western .40 caliber ammunition
- 11 rounds of Remington .40 caliber ammunition
- 6 rounds of unknown manufacturer 9mm ammunition
- 3 rounds of Remington .40 caliber ammunition
- 104 rounds of unknown manufacturer and caliber ammunition
- 58 rounds of unknown manufacturer and caliber ammunition
- 1519 rounds of unknown manufacturer and caliber ammunition

b.  From Jeffrey Clay Sheridan:
- Para Ordinance, model 1911, .45 caliber SN: P238768
- New England Firearms, Pardner single shot shotgun, .410 gauge SN: NG298437

- 1 round of unknown manufacturer .410 caliber ammunition
- 18 rounds of unknown manufacturer .45 caliber ammunition

## CASH PROCEEDS

$1,000,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

## U.S. CURRENCY:

(1)   $5,536.00 U.S. currency, seized from **Thomas Erick Williamson**
(2)   $3,120.00 U.S. currency, seized from **Kathie Jo Griffin**
(3)   $5,441.00 U.S. currency, seized from **Kathie Jo Griffin** and **Richard Lane McCuller**
(4)   $1,880.00 U.S. currency, seized from **Richard Tracy Johnson**

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;
(b)   has been transferred or sold to, or deposited with a third person;
(c)   has been placed beyond the jurisdiction of the court;
(d)   has been substantially diminished in value; or
(e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
D. RYAN LOCKER
Assistant United States Attorney

_____
5/17/17
Date

## NOTICE OF PENALTY

## COUNTS 1, 7, 12, 18, and 25-26

| | |
|---|---|
| Violation: | 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and distribution of 50 grams or more of actual methamphetamine, or 500 grams or more of methamphetamine (mixture), a Schedule II controlled substance); or |
| | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of 50 grams or more of actual methamphetamine, a Schedule II controlled substance) |
| Penalty: | Imprisonment for a term of not less than 10 years or more than life; a fine not to exceed $10,000,000, or both; and a term of supervised release of at least 5 years. |
| | If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not less than 20 years and not more than life; a fine not to exceed $20,000,000, or both; and a term of supervised release of at least 10 years. |
| | If a defendant has two previous final convictions for felony drug offenses, said defendant shall be sentenced to a mandatory term of life imprisonment without release, fined up to $20,000,000, or both. |
| Special Assessment: | $100.00 |

## COUNTS 5, 8-11, 13-14, 16-17, 19, 21, 22 and 23-24

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of 5 grams or more of actual methamphetamine, a Schedule II controlled substance) |
| Penalty: | Imprisonment for a term of not less than 5 years or more than 40 years; a fine not to exceed $5,000,000, or both; and a term of supervised release of at least 4 years. |
| | If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not less than 10 years and not more than life; a fine not to exceed $8,000,000, or both; and a term of supervised release of at least 8 years. |
| Special Assessment: | $100.00 |

## COUNTS 5, 8-11, 13-14, 16-17, 19, 21, 22 and 23-24

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of less than 5 grams of actual methamphetamine, a Schedule II controlled substance); or |
| | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of less than 100 grams of heroin, a Schedule I controlled substance) |
| Penalty: | Imprisonment for a term of not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years. |
| | If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not more than 30 years; a fine not to exceed $2,000,000, or both; and a term of supervised release of at least 6 years. |
| Special Assessment: | $100.00 |

### COUNTS 28, 30, 32, 34, and 37

Violation:                     18 U.S.C. § 922(g)(1) (Felon in possession of a firearm)

Penalty:                      Imprisonment for a term of not more than 10 years; a fine not to exceed $250,000, or both; a term of supervised release of not more than 3 years.

If a defendant has three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense, or both, committed on occasions different from one another, said defendant shall be fined not more than $250,000.00 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Special Assessment:      $100.00

### COUNTS 29, 31, 33, 35, and 36

Violation:                     18 U.S.C. § 924(c) (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

Penalty:                      Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; a term of supervised release of not more than 5.

If the firearm possessed by a person convicted of a violation of this offense is a short-barreled rifle or short-barreled shotgun the term of imprisonment shall not be less than 10 years

In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less

than 25 years; which must be served consecutively to any other term of imprisonment; a term of supervised release of not more than 5 years.

Special Assessment:        $100.00